**CLD-161** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3625
_____

DAVID MEADE; CERAYSAH TIM,
Appellant

v.

MICHAEL REYNOLDS, SUED IN HIS INDIVIDUAL CAPACITY

DAVID MEADE,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:15-cv-05618)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 9, 2020

Before:  JORDAN, KRAUSE, and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 14, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

David Meade appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania, dismissing his civil rights complaint for failure to effect service pursuant to Federal Rule of Civil Procedure 4(m). For the following reasons, we will summarily affirm.

Meade, along with Ceraysah Tim, commenced the underlying action by submitting a complaint to the United States District Court for the Eastern District of Pennsylvania in October 2015. The complaint asserted that Officer Michael Reynolds from "the Montgomery County Police Department" used excessive force when arresting Meade in Tim's home on October 8, 2013. The District Court granted the plaintiffs' motions to proceed in forma pauperis (IFP), filed the complaint, directed the Clerk to issue a summons, and instructed the U.S. Marshals Service to serve the summons and complaint upon Officer Reynolds. The Marshals Service subsequently returned the summons unexecuted, noting that Officer Reynolds did not "work at Montco Sheriff" or at the "Montco P.D." On June 14, 2016, the District Court directed the plaintiffs to provide more specific information on Officer Reynolds, including an address where he could be served. The plaintiffs failed to do so. On August 1, 2016, the District Court ordered the plaintiffs to submit within 15 days an amended USM-285 form in accordance with the order of June 14, 2016, and advised that failure to comply would result in dismissal of the claims against Officer Reynolds pursuant to Federal Rule of Civil Procedure 4(m). The plaintiffs again failed to comply with the District Court's order. Accordingly, by order entered September 1, 2016, the District Court dismissed the action because the plaintiffs

2

failed to comply with Rule 4(m).[1]  In particular, the District Court stated that "[p]laintiffs still have not complied with the Court's directive and [have] not shown good cause for their failure."

On September 12, 2016, Meade filed a motion to reopen the case, stating, "I fill[ed] out the U.S. Marshal Form 285 for Defendant Michael Reynolds in July, and I also did another one in May on a blank sheet of paper."  While that motion was pending, Meade filed a notice of appeal.[2]  Thereafter, on November 1, 2019, the District Court issued an order providing Meade with an opportunity to demonstrate that he had submitted the forms referenced in his motion to reopen.[3]  Meade did not respond to that order.  Accordingly, by order entered December 9, 2019, the District Court denied the motion to reopen "with prejudice due to the failure of plaintiff to comply with this court's November 1, 2019 order to demonstrate that he provided the United States Marshals Service with proper documentation to enable it to effect service of process under Rule 4 of the Federal Rules of Civil Procedure."

---

[1] The District Court did not specify whether the dismissal was with or without prejudice.

[2] Tim did not join Meade in the motion to reopen or in the notice of appeal.

[3] In particular, the District Court directed Meade to file "a copy of the Form 285 and/or the handwritten paper referenced in his" motion for reconsideration.  If Meade did not possess a copy of those documents, the District Court instructed him to file a statement, under penalty of perjury, declaring if he submitted the forms; providing how he submitted them, the date he submitted them, and the address where they were submitted; and noting the address for Officer Reynolds that he provided to the Marshals Service.

We have jurisdiction under 28 U.S.C. § 1291.[4] When a district court dismisses an action for lack of proper service, it "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m). Without-prejudice dismissals typically are not immediately appealable, see Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam), but we have held that an order dismissing a complaint under Rule 4 is final, and thus appealable, where expiration of the statute of limitations would preclude the appellant from refiling the complaint. See Green v. Humphrey Elevator & Truck Co., 816 F.2d 877, 878 n.4 (3d Cir. 1987); Welch v. Folsom, 925 F.2d 666, 668 (3d Cir. 1991) (holding order of dismissal is final and appealable under § 1291 where complaint filed by a plaintiff granted leave to proceed IFP is dismissed without prejudice for failure to effect service of process). Because Meade's claims stem from an incident that occurred on October 8, 2013, more than two years ago, those claims would now be time-barred. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (stating that a two-year statute of limitations

_____

[4] "As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). But when a party timely files one of the motions listed in Federal Rule of Appellate Procedure 4(a)(4)(A), the notice of appeal does not become effective until the district court disposes of that motion. See Fed. R. App. P. 4(a)(4)(B)(i). It makes no difference whether the Rule 4(a)(4)(A) motion is filed before or after the notice of appeal; all that matters is that the motion is timely. See Venen, 758 F.2d at 122 n.6. Meade filed a motion to reopen, which we construe as a timely motion under Federal Rule of Civil Procedure 59(e) or 60(b). Because Rule 59(e) and Rule 60(b) motions are listed in Rule 4(a)(4)(A), Meade's notice of appeal did not become effective until the District Court denied his request for post-judgment relief. And the notice of appeal from the denial of the timely filed post-judgment motion brings up for review the order dismissing the case for failure to comply with Rule 4(m).

4

applies to civil rights actions originating in Pennsylvania). Thus, even if the September 1, 2016 order is construed as dismissing Meade's claims without prejudice under Rule 4(m), appellate jurisdiction is nonetheless proper. Our review of a dismissal pursuant to Rule 4(m), as well as dismissals of motions seeking relief under Rules 59(e) or 60(b), is for abuse of discretion. See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996) (Rule 4(m) motions); Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (Rule 59(e) motions); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (Rule 60(b) motions).

At the time that Meade filed the complaint, Rule 4(m) provided that a district court must dismiss a complaint after notice to the plaintiff if service of the complaint is not made upon a defendant within 120 days after the filing.[5] See Fed. R. Civ. P. 4(m). A district court must extend the time for service, however, where a plaintiff demonstrates good cause for the failure to timely serve the defendant. See McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998). Even if a plaintiff fails to show good cause, the district court must still consider whether any additional factors warrant a discretionary extension of time. See Petrucelli v. Bohringer & Ratzinger, GMHB, 46 F.3d 1298, 1305-06 (3d Cir. 1995).

A plaintiff proceeding IFP under 28 U.S.C. § 1915 is entitled to have the Marshals Service or other appointed person effect service. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). But the plaintiff must provide the district court with sufficient information to

---

[5] Effective December 1, 2015, Rule 4(m) was amended to require service of process within 90 days, rather than 120 days, of the filing of the complaint.

enable the Marshals Service to effectuate service of process. See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir. 1993) (holding that it is the responsibility of a plaintiff proceeding pro se and IFP to provide proper addresses for service). Here, the Marshals Service attempted to locate Officer Reynolds at the address that the plaintiffs provided in the complaint. But the Marshals Service's attempt was unsuccessful, and it returned the USM-285 form unexecuted, noting that Officer Reynolds did not "work at Montco Sheriff" or at the "Montco P.D." The District Court provided two opportunities for the plaintiffs to furnish Officer Reynolds' correct address, but they failed to do so.

Under these circumstances, the District Court did not abuse its discretion in concluding that Meade had not shown good cause for an extension of the Rule 4(m) period. The Marshals Service is not required to attempt service into perpetuity at the same address. Moreover, Meade's motion to reopen still did not contain the necessary information to effect service on Officer Reynolds. The District Court nevertheless provided Meade with an additional opportunity to furnish Officer Reynolds' address. Meade did not respond to that opportunity, which effectively operated as a discretionary extension of time. See Petrucelli, 46 F.3d at 1305-06. Accordingly, the denial of the motion to reopen was not an abuse of discretion.

For the foregoing reasons, the appeal presents no substantial question. Therefore, we will summarily affirm the District Court's order of dismissal and its denial of Meade's motion to reopen. See Third Circuit LAR 27.4 and I.O.P. 10.6.